# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **KRISHNA L. SALMON,**<br><br>Plaintiff,<br><br>v.<br><br>**APPLEGATE HOMECARE & HOSPICE, LLC,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:13-cv-109-DN-PMW<br><br>**Chief Judge David Nuffer**<br><br>**Magistrate Judge Paul M. Warner** |

Chief Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Defendant Applegate Homecare & Hospice, LLC's ("Defendant") motion to strike Plaintiff Krishna L. Salmon's ("Plaintiff") designation of expert witness and disclosure of retained expert report, or alternatively for additional time to respond to Plaintiff's late-disclosed expert;[2] (2) Plaintiff's related motion to modify the scheduling order to allow the late disclosure of its expert;[3] and (3) Plaintiff's motion to stay the proceedings pending determination of a case before the Supreme Court.[4]

---

[1] Docket no. 19.

[2] Docket no. 24.

[3] Docket nos. 26 and 28.

[4] Docket no. 32.

## BACKGROUND

### A. Motion to Strike and Motion to Modify the Scheduling Order

The December 2, 2013 case scheduling order required Plaintiff to disclose its rule 26(a)(2) expert witness report by August 15, 2014 and Defendant to disclose its expert report by September 15, 2014.[5]  Counter reports were due by October 15, 2014.

Plaintiff attempted to email the expert designation and report of Gary Couillard, Plaintiff's damages expert, to Defendant on August 29, 2014, approximately two weeks after the date specified in the court's order.  However, Plaintiff's counsel incorrectly emailed the report to "rhymas@diplaw.com," instead of "rhymas@djplaw.com."  The report is dated August 22, 2014, one week after Plaintiff's deadline to designate experts.

Defendant filed its expert designation and report on September 15, 2014.  On September 24, 2014, Plaintiff filed the expert designation and report that Plaintiff had previously attempted to email to Defendant.[6]

On October 9, 2014, Defendant filed the instant motion to strike.[7]  The motion is approximately 2,500 words in length, excluding Defendant's reply, and does not contain a certification of any meet and confer efforts by Defendant prior to bringing its motion.  Plaintiff filed a response and its motion to modify the scheduling order to permit the late disclosure of Mr.

---

[5] Docket no. 18.

[6] Docket no. 23.

[7] Docket no. 24.

Couillard.[8]  In its response, Defendant states without explanation or support that Plaintiff erroneously noted that the deadline for disclosure on September 1, 2014.

### B.  Plaintiff's Motion for Stay

On December 23, 2014, Plaintiff filed a motion to stay the proceedings pending the Supreme Court's review of *Young v. United Parcel Service, Inc.*, 707 F.3d 437 (4th Cir. 2013). On March 25, 2015, the Supreme Court issued its decision.  *See Young v. United Parcel Service, Inc.*, 575 U. S. ____ (2015).

Trial in the underlying action was set for May 18, 2015. On December 15, 2014, Defendant filed a motion for summary judgment.[9]  Chief Judge Nuffer vacated the trial date pending determination of the motion to stay and Defendant's motion for summary judgment.

## ANALYSIS

### A.  Motion to Strike and Motion to Modify the Scheduling Order

Two key principles apply here—principles that are not unique to this court and are professional obligations of counsel.  First, parties and their counsel are obligated to comply with applicable rules and orders of the court.  If a party faces difficulty complying with a discovery deadline despite its diligent efforts, the solution is not to ignore the deadline.  Counsel should work with the opposing party to try to craft a solution, then involve the court.

Second, counsel has an obligation to be civil, which includes granting reasonable extensions of time and waiving procedural formalities, when no real or substantial prejudice results to their client.  Rule 14-301 of the Utah Supreme Court Rules of Professional Practice

---

[8] Docket nos. 26 and 28.

[9] Docket no. 30.

provides standards which "should be followed by all judges and lawyers in all interactions with each other and in any proceedings in Utah." Paragraph 17 of Rule 14-301 states: "Lawyers shall agree to reasonable requests for extension of time and waiver of procedural formalities when doing so will not adversely affect their clients' legitimate rights."

Rule 14-301 further states:

> A lawyer's conduct should be characterized at all times by *personal courtesy* and professional integrity in the fullest sense of those terms. In fulfilling a duty to represent a client vigorously as lawyers, *we must be mindful of our obligations to the administration of justice, which is a truth-seeking process designed to resolve human and societal problems in a rational, peaceful, and efficient manner*. We must remain committed to the rule of law as the foundation for a just and peaceful society.

(emphasis added).

With these basic principles and obligations in mind, the outcome should have been clear from the outset.

Plaintiff clearly violated the court's scheduling order by serving its report after the court-ordered deadline. The failure to obey a court order is a very serious, sanctionable matter, particularly since Plaintiff fails to establish substantial justification for its noncompliance. Plaintiff risked monetary and evidentiary sanctions, and based on Plaintiff's owned representations, its entire case by failing to comply with the court's orders. *See, e.g.*, Fed. R. Civ. P. 37(b)(2)(A), (c)(1).

Without diminishing the gravity of the failure to comply with a court order, there was no real prejudice to Defendant. Defendant received Plaintiff's expert disclosure by September 24, 2014, approximately one month late.[10] Defendant had adequate time to respond to the late

---

[10] Docket no. 23.

disclosure, and Defendant rejected Plaintiff's reasonable offer to stipulate to provide Defendant time to mitigate any perceived prejudice from the late disclosure.  At this point, Defendant has had nearly seven months to prepare its response.  Further, because the trial date has been vacated due to Defendant's still-pending motion for summary judgment, Plaintiff's actions did not delay resolution of the matter.

In its eagerness to point out Plaintiff's noncompliance with a court order, Defendant itself violated the court's discovery orders.  On January 16, 2014, Chief Judge David Nuffer ordered the parties to follow the short form discovery motion procedure for any discovery disputes.[11]  The order provides that "[t]he parties must make reasonable efforts to resolve the dispute without court assistance."  If the parties still cannot resolve the dispute, a party "must file a Short Form Discovery Motion, which should not exceed 500 words," and which "must include a certification that the parties made reasonable efforts to reach agreement on the disputed matters and recite the date, time, and place of such consultation and the names of all participating parties or attorneys."

The 500-word limit was a mere speed bump before Defendant's motion concluded.  Defendant also did not provide certification of any meet and confer efforts and would have been hard-pressed to certify that such efforts were "reasonable" given the overall lack of prejudice to Defendant and Plaintiff's willingness to grant Defendant additional time to respond.

Civility and professionalism required Defendant's counsel to agree "to reasonable requests for extension of time and waiver of procedural formalities."[12]  To the extent a motion was required, Defendant was obligated to comply with the court's discovery orders.  While the

---

[11] Docket no. 21.

[12] Rule 14-301, Utah Supreme Court Rules of Professional Practice.

5

short form discovery motion procedure may not be ideal for certain disputes, the court is hard pressed to think of an example of a dispute for which the procedure would be better suited.

Defendant's motion to strike is DENIED.  Plaintiff's motion to amend the scheduling order is GRANTED, and Plaintiff's designation and disclosure of Mr. Couillard on September 24, 2014 is hereby deemed timely.  Defendant's motion in the alternative to allow Defendant to file a rebuttal report and depose Mr. Couillard is GRANTED.  Defendant has 30 days from the date of this order to serve a rebuttal report and depose Mr. Couillard, should Defendant determine such actions necessary.  Defendant's request for sanctions is DENIED.  The court declines to impose sanctions *sua sponte* on Defendant for its failure to comply with the January 16, 2014 discovery order.

### B.  Plaintiff's Motion to Stay

Plaintiff requested a stay pending the Supreme Court's determination in *Young*.  On March 25, 2015, the Supreme Court issued its decision in that case.  *Young v. United Parcel Service, Inc.*, 575 U.S. ____ (2015).  Accordingly, Plaintiff's motion to stay is DENIED as moot.  The relevance of the *Young* decision to the current action, if any, is not before the court at this time, and the court makes no determination in that respect.

**IT IS SO ORDERED**.

DATED this 14th day of April, 2015.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge